UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HARMS, | No. 2:25-cv-1048 CSK P |
| Petitioner, | |
| v. | ORDER & FINDINGS & RECOMMENDATIONS |
| EDWARD SILVA, | |
| Respondent. | |

**I. INTRODUCTION**

　　Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2022 conviction for one count of forcible sexual penetration (Cal. Penal Code § 289(a)(1)(A)), one count of assault with intent to commit rape (Cal. Penal Code § 220), three counts of rape of a person incapable of giving consent (Cal. Penal Code § 261(a)(1)), and one count of sexual penetration of a person under the influence of an intoxicating or aesthetic substance (Cal. Penal Code § 289(e)). (ECF No. 1 at 2.) Petitioner is sentenced to a determinate sentence of 14 years followed by an indeterminate term with no parole eligibility for 15 years. (Id.)

　　Pending before the Court is petitioner's motion to stay this action pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) so that petitioner may exhaust unexhausted claims. Respondent has not yet been served. For this reason, petitioner's motion to stay is unopposed.

For the following reasons, this Court recommends that petitioner's motion to stay be granted.

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard for Exhaustion

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. See Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

### B. Legal Standard for Motion to Stay

Under Kelly v. Small, "(1) a petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).[1]

## III. DISCUSSION

The petition raises three claims for relief. (ECF No. 1-2 at 2-3.) In claim one, petitioner alleges ineffective assistance of counsel. (Id. at 2.) In claim two, petitioner raises two claims of jury instruction error (subclaims A, C) and one claim of sentencing error (subclaim B). (Id. at 2-3.) In claim three, petitioner alleges that he was denied his right to an impartial jury. (Id. at 3.)

In the pending motion, petitioner states that subclaims A and B of claim two are exhausted. (ECF No. 4 at 3.) Petitioner states that claim one, subclaim C of claim two and claim three are not exhausted. (Id.) Petitioner requests that the unexhausted claims be dismissed from the petition without prejudice while he exhausts his state court remedies with respect to these

---

[1] Petitioner does not move to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Under Rhines, a stay and abeyance is appropriate if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. The Kelly stay procedure is a riskier one for a habeas petitioner because it does not protect the unexhausted claims from becoming time-barred during the stay. See King, 564 F.3d at 1140-41.

claims in state court.

Good cause appearing, this Court recommends that petitioner's motion to stay this action pursuant to Kelly v. Small be granted and that the unexhausted claims be dismissed from this action without prejudice. After petitioner exhausts his unexhausted claims in state court, petitioner shall notify the Court by filing a motion to lift the stay and a motion to file an amended petition raising all exhausted claims. This Court may request a response from respondent to the motion to amend.

In the pending motion to stay, petitioner also claims that his unexhausted claims, once exhausted, will be timely because they relate back to the previously exhausted claims. (ECF No. 4 at 3-5.) Under Kelly, a petitioner is only allowed to amend newly exhausted claims back into his federal petition if the newly exhausted claims are timely under the statute of limitations, see 28 U.S.C. § 2244(d), or the newly exhausted claims "relate back" to the previously exhausted claims. See Kelly, 315 F.3d at 1140-41; see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005). This Court makes no finding at this time regarding whether the unexhausted claims, once exhausted, will be timely under the statute of limitations or relate back to the previously exhausted claims.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay this action (ECF No. 4) be granted;

2. Claim one, subclaim C of claim two and claim three be dismissed without prejudice as unexhausted;

3. Petitioner be ordered to file a motion to lift the stay and a motion to amend within thirty days of the exhaustion of the unexhausted claims; and

4. This action be administratively stayed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 5, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Harms1048.sta/2

4